**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| RAVEN FURY, INDIVIDUALLY AND AS NEXT FRIEND OF W.F., A MINOR<br>*Plaintiffs,* | § | |
| | § | |
| | § | |
| vs. | § | **Case No.** 3:25-cv-3183 |
| | § | |
| | § | **COMPLAINT** |
| | § | |
| | § | **DEMAND FOR JURY TRIAL** |
| | § | |
| BYHEART, INC., AND WALMART, INC. | § | |
| *Defendants.* | | |

**PLAINTIFF RAVEN FURY, INDIVIDUALLY AND AS NEXT FRIEND OF W.F., A
MINOR'S ORIGINAL COMPLAINT**

**NOW COMES** RAVEN FURY, Individually and as Next Friend of W.F., a Minor, Plaintiffs herein, and

complain of BYHEART, INC., a Delaware Corporation, and WALMART, INC. a Delaware Corporation,

and for cause of action would respectfully show the Court as follows:

**INTRODUCTION**

1.      This lawsuit arises as a result of a tragic situation no parent should have to endure –

discovering the baby formula products they had been feeding their infant son, Baby W.F., were

contaminated with *Clostridium botulinum* – also known as infant botulism. This contamination caused

Baby W.F. to suffer alarming symptoms such as weakness, lethargy, difficulty swallowing, and

constipation, ultimately resulting in Baby W.F. being diagnosed with infant botulism.

2.      ByHeart and Walmart sold contaminated baby formula to unsuspecting consumers,

who thought the ByHeart baby formula product to be wholesome, nutritious and safe for consumption

by their infant children. The contaminated baby formula products have caused a national outbreak of

infant botulism poisoning, resulting in the hospitalization of a multitude of infants – including Baby

W.F.

## PARTIES

3.       Plaintiff, RAVEN FURY resides in Killeen, Bell County, Texas. RAVEN FURY is the biological parent of W.F., a minor, and sues as an individual and as next friend of W.F.

4.       Defendant BYHEART, INC. (hereinafter referred to as "ByHeart"), is a Delaware corporation with its headquarters and principal place of business at 131 Varick Street, 11th Floor, New York, NY 10013. **Citation is requested at this time.**

5.       Defendant WALMART, INC. (hereinafter referred to as "Walmart") is a Delaware corporation with its headquarters principal place of business in Arkansas, and who conducts business in the State of Texas. Defendant Walmart may be served with process by serving their registered agent, CT Corporation at 1999 Bryan Street, Ste. 900, Dallas, TX, 75201. **Citation is requested at this time.**

## JURISDICTION AND VENUE

6.       This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and because there is complete diversity of citizenship between Plaintiff and Defendants. Specifically, Plaintiff is a resident of Texas while Defendant ByHeart is a resident of Delaware and New York, and Defendant Walmart is a resident of Delaware and Arkansas.

7.       Venue is proper in the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL ALLEGATIONS

8.       Defendant ByHeart was formed in 2016 to "obsessively innovate and improve on behalf of babies"

# A Better Formula for Formula®

We built ByHeart from the ground up to obsessively innovate and improve on behalf of babies and their parents—which means going further in every way.

and has advertised that as part of how they innovate is owning their "entire manufacturing process" – even highlighting that ByHeart is one of only five infant formula manufacturers in the United States that owns the entire manufacturing process.



## End-to-end is just the beginning.

We're here to innovate everything, even our manufacturing processes. That's why we built from the ground up—to become the first new infant formula manufacturer in the US in 15 years (we're one of only five in the entire country)—owning our entire manufacturing process soup to nuts.

9.      Additionally, ByHeart advertises that its product is "clean label" with the "cleanest ingredients"



That its products are made with "certified-clean ingredients"



and advertises the various "best formula" awards that they have won to sell their products, representing that they are made with clean ingredients for a safe, healthy, pure baby formula.



10.    ByHeart is not only advertised as being clean and pure, but as being easy and providing parents with "feeding freedom."



11.     Despite ByHeart's advertisements of their baby formula as being safe, healthy, and pure, reality could not be farther from these representations. Prior to the current outbreak of infant botulism due to ByHeart baby formula, ByHeart issued a recall in 2022 due to infant formula being contaminated with *C. Sakazekii*, a bacterium that can cause serious illness in infants. In ByHeart's statement, they attempted to highlight that "the recall is not related to ByHeart's own manufacturing in any way" – a statement that refuses to take accountability and attempts to direct any responsibility away from ByHeart[2]

---

[1] https://www.google.com/url?sa=i&url=https%3A%2F%2Fbusiness.walmart.com%2Fip%2FByHeart-Whole-Nutrition-Powder-Infant-Formula-for-0-12-Months-24-oz-Canister%2F5321833607&psig=AOvVaw2I6F-KWSAYUNMY_t1fTE_S&ust=1763585904312000&source=images&cd=vfe&opi=89978449&ved=0CBkQjhxqFwoTCOD2sczL_JADFQAAAAdAAAAABAE (Last accessed November 17, 2025)
[2] *See* https://www.fda.gov/safety/recalls-market-withdrawals-safety-alerts/byheart-issues-voluntary-recall-five-batches-its-infant-formula-because-possible-health-risk

12.     Despite the 2022 incident providing ByHeart with notice of potential contamination issues in their manufacturing system, another deadly contamination has occurred. On or about November 8, 2025, ByHeart announced an initial recall of ByHeart baby formula products due to reports of *Clostridium botulinum*, also known as infant botulism, found in certain units of the product.[3]

13.     On November 11, 2025, Defendant ByHeart expanded its recall to include all ByHeart formula nationwide due to the *Clostridium botulinum* contamination.[4] Additionally, Defendant ByHeart made a public statement designed not to take accountability but to highlight that *Clostidium botulinum* spores have not been found in unopened cans of formula and that the Food and Drug Administration's investigation was ongoing – a statement which deflects rather than takes accountability for their contaminated products.

14.     However, for Baby W.F., and for many others who have suffered serious injuries, the recall was too late. Beginning on or about August 1, 2025 at approximately 4 months of age, until August 30, 2025, Baby W.F. was regularly fed ByHeart baby formula. His family, including his mother RAVEN FURY, purchased the ByHeart baby formula from various Walmart stores in Kaufman County, Texas, believing them to be wholesome, pure, and healthy.

15.     On or about August 28, 2025, Baby W.F. became sick and began experiencing unexplained symptoms such as weakness, lethargy, difficulty swallowing, and constipation. Baby W.F. was taken to the doctor due to these unexplained symptoms and ultimately was hospitalized from August 30, 2025, until September 16, 2025, requiring a feeding tube due to Baby W.F.'s severe feeding difficulties. During his hospitalization, Baby W.F. was diagnosed with infant botulism,

---

[3] *See* U.S. Food and Drug Administration, *Warning Letter*, ByHeart, Inc., August 30, 2023, Warning Letter Ref. No. 653854, available at https://www.fda.gov/inspections-complianceenforcement-and-criminal-investigations/warning-letters/byheart-inc-653854-08302023.
[4] *See* https://www.fda.gov/food/outbreaks-foodborne-illness/outbreak-investigation-infant-botulism-infant-formula-november-2025.

resulting in severe muscle weakness, severe gross and fine motor delay, and feeding disorder requiring a nasogastric feeding tube.

16.    The ByHeart baby formula advertises that it is made with "certified-clean ingredients" and contains the statements "you will never (ever) find these in ByHeart" and lists various items such as "Gluten," "GMOs," and "Corn syrup." ByHeart additionally advertises its "clean label" award on the baby formula packaging. These statements and advertisements are intentionally used by Defendants to impart the feeling that parents are giving their infants a premium, pure, healthy formula.

17.    Young children, whose brains are still developing, are particularly vulnerable to botulism poisoning. Botulinum poisoning can cause several serious complications in infants and young children, including difficulty sucking or swallowing, weak cry, general weakness, constipation, respiratory difficulty, and respiratory arrest. Baby W.F. has suffered several of these complications due to his exposure to *Clostidium botulinum* and developing infant botulism.

18.    As of November 17, 2025, the Center for Disease Control ("CDC") had received 23 confirmed reports of adverse events potentially linked to recalled product.

## Case Counts

Total Illnesses: 23

Hospitalizations: 23

Deaths: 0

Last Illness Onset: November 11, 2025

States with Cases: AZ, CA, IL, KY, MI, MN, NC, NJ, OR, PA, RI, TX, WA

Product Distribution: Online and nationwide



These reports included 15 infant hospitalizations, with the infants aging in range from 16 days old to 157 days old.[5]

19.    Defendant Walmart, among others, was a seller of the contaminated ByHeart baby formula products. Plaintiff purchased the contaminated baby formula product from Walmart, among others.

**CAUSES OF ACTION – BYHEART, INC.**
**Strict Liability**

20.    Upon information and belief, at all times material hereto, Defendant ByHeart designed, formulated, sourced, prepared, processed, manufactured, tested, distributed and sold the baby formula product.

---

[5] *See* https://www.fda.gov/food/outbreaks-foodborne-illness/outbreak-investigation-infant-botulism-infant-formula-november-2025

21.     Defendant ByHeart is responsible for the introduction of the baby formula product into the stream of commerce.

22.     The baby formula product reached Plaintiffs without any substantial change in the condition in which it was manufactured and intended for use.

23.     Defendant ByHeart had a duty to use reasonable care in the design, formulation, sourcing, preparation, processing, manufacture, testing, distribution and sale of the baby formula product and each of its component parts such that it was not unreasonably dangerous to users when consumed as intended and in the manner foreseeable to Defendants.

24.     Defendant ByHeart breached that duty by design, formulation, sourcing, preparation, processing, manufacture, testing, distribution and sale of the baby formula product in a defective condition that was unreasonably dangerous to the safety of consumers such as Plaintiff.

25.     The baby formula product was defective because (1) the product diverged from its intended design and contained high levels of *Clostridium botulinum*, also known as infant botulism, which harmed Plaintiff; and (2) the design and manufacturing of the product did not satisfy normal consumer expectations.

26.     If the baby formula product had been properly designed, formulated, sourced, prepared, processed, manufactured and tested, Plaintiff would not have been harmed.

27.     As a direct and proximate result of Defendants' breach of their duty to use reasonable care in the design, formulation, sourcing, preparation, processing, manufacture, testing, distribution and sale of the baby formula product, Plaintiff has suffered grave bodily harm, extreme mental anguish, and have incurred medical and other expenses.

28.     To the extent the Defendants attempt, pursuant to Section 82.008 of the Texas Civ. Prac. Rem. Code, to rely on any standards or regulations of the United States government, such

standards or regulations were inadequate to protect against the risk of injury or damages that occurred in this incident, and the Defendants withheld or misrepresented information to the government regarding the adequacy of the safety standard at issue.

29.    Upon information and belief, Defendant ByHeart knew or should have known that the baby formula product contained *Clostridium botulinum*, also known as infant botulism.

30.    The baby formula product was unfit for its intended use, and defective for all uses.

31.    As a result, Defendant ByHeart is strictly liable to Plaintiff for the defective design, manufacture, distribution and sale of *Clostridium botulinum* tainted baby formula product in an amount to be proven at trial.

### Products Liability - Design Defect

32.    The product that failed is identified as baby formula. The failed product in question was designed, manufactured, marketed and placed into the stream of commerce by ByHeart in a defective condition and was substantially unchanged from the time it was placed into the stream of commerce. As the manufacturer of a defective component part of the product, ByHeart is subject to liability for defective design.

33.    The baby formula was unreasonably dangerous as that term is understood in Texas law. ByHeart effectively designed, marketed and manufactured the defective product, which rendered it unreasonably dangerous for its intended and foreseeable use and which was the producing cause of the outbreak and the serious injuries sustained by Plaintiff and other infants.

34.    The design of the baby formula was defective and unreasonably dangerous because it did not incorporate available features to keep it free from *Clostridium botulinum*, also known as infant botulism.

35.    There was a safer alternative design of the product that did not contain *Clostridium*

*botulinum*, also known as infant botulism. Tex. Civ. Prac. & Remedies Code Section 82.005(a).

36.     The safer alternative design would have prevented or significantly reduced the risk of Plaintiff's personal injury without substantially impairing the product's utility and was economically and technologically feasible at the time the product left the control of the manufacturer by the application of existing and reasonably achievable scientific knowledge. Tex. Civ. Prac. & Remedies Code Section 82.005(b)(1), (2).

37.     The defect was the producing cause of Plaintiff's personal injury, for which they seek recovery. Tex. Civ. Prac. & Remedies Code Section 82.005(b).

38.     As a result of the defective design of the baby formula, including but not limited to the above-identified defects, the product contained an extremely high and dangerous level of *Clostridium botulinum*, also known as infant botulism. The propensity of infants being injured due to the consumption of the botulism-tainted baby formula under normal and foreseeable conditions is high, as the person consuming the baby formula would have botulism enter their bodies, which can cause serious and lasting injuries, as is presently at issue. Comparing the utility versus the risk of harm, the product as it was sold by ByHeart was defective and unreasonably dangerous with regard to design, manufacture and marketing.

39.     ByHeart was consciously aware that the incorporation of proper standards and handling of the product would reduce, retard, or eliminate the occurrence of botulism in the product. Moreover, ByHeart made the conscious decision to forego the incorporation of these standards in an effort to reduce costs and, in doing so, risked Plaintiff's safety for the sake of additional profits.

40.     As a result, ByHeart is liable to Plaintiff for their defective design of the baby formula product in an amount to be proven at trial.

**Products Liability - Manufacturing Defect**

41.    Plaintiff alleges and incorporates the foregoing paragraphs, as though fully set forth herein.

42.    The baby formula product was defectively manufactured in that it contained unreasonably dangerous levels of *Clostridium botulinum*, also known as infant botulism. Defendants' failure to use and comply with good manufacturing practices caused the baby formula product to contain extremely high levels of botulism. The product was consumed by Plaintiff, Baby W.F., causing him to become extremely ill due to the high levels of botulism he consumed through ByHeart's product. The manufacturing defect was the producing and proximate cause of the event made the basis of this suit and Plaintiff's resulting injuries and damages.

**Breach of Express and Implied Warranties**

43.    As set forth herein, ByHeart represented that the baby formula possessed qualities that it did not in fact possess.

44.    Included with the product at the time of purchase, ByHeart made express and implied warranties that the baby formula was dependable, reliable, free from defects of merchantable quality, and fit for their consumption.  Plaintiffs relied on ByHeart's skill and judgment to provide a suitable, merchantable, defective free product.

45.    However, the baby formula which Plaintiff received was unmerchantable, defective, and not fit for its intended use, as the baby formula contained very high levels of botulism.

46.    ByHeart was aware of the defects.

47.    Having knowledge of the defects in the baby formula that resulted in an unreasonably dangerous product, ByHeart nonetheless continued to place the defective product into the stream of commerce and warranty the baby formula.

48.     By the conduct described herein, ByHeart failed to conform the baby formula to the express and implied warranties that had been made. As a result of Defendants' breach of warranties, Plaintiff Baby W.F. became seriously ill with infant botulism and suffered lasting injury.

49.     As a direct and proximate result of ByHeart's wrongful acts set forth herein, Plaintiff Baby W.F. consumed the baby formula containing high levels of botulism, causing him harmful exposure to very high levels of botulism. As a direct and proximate result, Plaintiff suffered severe bodily harm, pain, suffering, and emotional distress. Further, Plaintiff incurred both financial and economic loss. Plaintiff has been damaged in an amount to be determined at trial.

## Violations of Texas Deceptive Trade Practices Act

50.     Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant ByHeart under the provisions of the Deceptive Trade Practices Act ("DTPA"), including without limitation the misrepresentations made by Defendant ByHeart as set forth above which were made to and which did, in fact, induce Plaintiff into accepting products from Defendant ByHeart. Plaintiff is a consumer of goods and services provided by Defendant ByHeart pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant ByHeart. Specifically, Defendant ByHeart's violations of the DTPA include, without limitation, the following matters:

51.     By their acts, omissions, failures, and conduct that are described in this petition, Defendant ByHeart have violated Sections 17.46 (b)(5), (7), (9), (20) and (24) of the DTPA, which gives Plaintiff the right to recover under Section 17.46 (b)(2).

52.     As described in this petition, Defendant ByHeart represented to Plaintiff that their product, specifically, their baby formula, had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

53.    As described in this petition, Defendant ByHeart represented to Plaintiff that their product, specifically their baby formula, was of a particular standard, quality, or grade when it was of another, in violation of Section 17.46 (b)(7) of the DTPA;

54.    As described in this petition, Defendant ByHeart advertised their product with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

55.    As described in this petition, Defendant ByHeart failed to disclose information concerning their product, which was known at the time of the transaction, and such failure to disclose was intended to induce Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed, which gives Plaintiff the right to recover under Section 17.46 (b)(24) of the DTPA;

56.    Defendant ByHeart has breached an express warranty that their products, including, but not limited to, the subject baby formula, did not contain unsafe levels of botulism, and was fit for its intended use of being consumed by infants. This breach entitles Plaintiff to recover under Sections 17.46 (b)(12) and (20) and 17.50 (a)(2) of the DTPA;

57.    Defendant ByHeart's actions, as described in this petition, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant ByHeart's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

58.    All of the above-described acts, omissions, and failures of Defendant ByHeart are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant ByHeart were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**Negligence**

59.    ByHeart was negligent because they failed to use reasonable care when they designed, tested, manufactured, marketed, and sold the baby formula product.

60.    As the designers, testers, manufactures and/or sellers of consumer products, ByHeart owed a duty to Plaintiff to provide a safe, quality product. ByHeart breached that duty.

61.    As a direct and proximate result of ByHeart's negligence, lack of care, recklessness, and other wrongful acts, Plaintiff sustained damages.

62.    As a result of ByHeart's negligence, Plaintiff has suffered severe bodily harm, pain, suffering, and emotional distress as a direct result of Baby W.F.'s consumption of the baby formula product containing high levels of botulism.

63.    As a direct, proximate, and foreseeable consequence of ByHeart's negligence, Plaintiff has been damaged in an amount to be determined at trial.

**Gross Negligence**

64.    The above-referenced acts and/or omissions by Defendant ByHeart constitutes malice as that term is defined in Section 41.001(7)(B) Texas Civil Practice and Remedies Code. Defendant's acts and/or omissions described above, when viewed from the vantage point of Defendant ByHeart at the time of the acts and/or omissions, involved an extreme degree of risk of serious bodily injury or death, considering the probability and magnitude of the potential harm to Plaintiff.

65.    The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

66.    Defendant had actual, subjective awareness of the risk involved in the above-described acts and/or omissions but nevertheless proceeded with a conscious indifference to the rights, safety, or welfare of Plaintiff.

67.     Based on the facts stated herein, Plaintiff requests that exemplary damages be awarded in an amount to be determined at trial.

**CAUSES OF ACTION –WALMART STORES, INC.**
**Walmart Inc.'s Liability as a Nonmanufacturing Seller**

68.     It is not in dispute at this time that Walmart solely acted as a retailer of the ByHeart baby formula and did not manufacture the product.  However, Plaintiff relied on Walmart's representation that the ByHeart product was a wholesome, nutritious source of nutrients for Baby W.F. as it was on the store shelves with other similarly advertised baby formula products. By allowing customers to purchase the ByHeart product and advertising it to be a safe product as others on the shelves, Walmart made a factual representation about the baby formula being a safe product, a representation which was incorrect. Plaintiff detrimentally relied on the representation when obtaining or purchasing the baby formula, and, if the formula had been as safe as the other nearby, similarly situated products on the shelves, Plaintiff would not have been harmed by the baby formula nor would they have suffered the same degree of harm.

69.     Therefore, Walmart falls within the exception of the Nonmanufacturing Seller Statute, contained in §82.003(a)(5) of the Tex. Civ. Prac. & Rem. Code.  Section 82.003(a)(5) states:

> (a) A seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves:
> (5) that:
> (A)  the seller made an express factual representation about an aspect of the product;
> (B)  the representation was incorrect;
> (C)  the claimant relied on the representation in obtaining or using the product; and
> (D)  if the aspect of the product had been as represented, the claimant would not have been harmed by the product or would not have suffered the same degree of harm;

70.     In the instant case, as stated above, Plaintiff detrimentally relied on Walmart's factual representation that the ByHeart baby formula was wholesome, nutritious, and would not harm Baby W.F.  The representation of wholesomeness and nutritiousness was skewed because it was later

determined that the baby formula was contaminated with *Clostridium botulinum.* Had the product been as advertised, Plaintiff, to include Baby W.F., would not have suffered harm from the product or would not have suffered the same degree of harm. Therefore, Walmart "has stepped out from under the sheltering umbrella of the manufacturer and may no longer be regarded as an "innocent seller" under the Texas Statute." *Stanley v. Target Corp.*, No. CV H-07-3680, 2009 WL 10692677 (S.D. Tex. May 1, 2009).

**CAUSATION AND DAMAGES**

71.    As a direct and proximate result of consuming the defective product containing extremely high levels of botulism, and the negligent conduct of the Defendants, Baby W.F. suffered grave bodily injuries due to infant botulism, including but not limited to severe muscle weakness, severe gross and fine motor delay, and feeding disorder requiring a nasogastric feeding tube.

72.    Plaintiff has incurred expenses for medical care and attention, and in reasonable probability they will continue to incur the same in the future. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the County where they were incurred. Plaintiff herein seeks a claim for past and future medical care expenses.

73.    Additionally, Plaintiff makes a claim for pain and suffering, mental anguish, physical disfigurement, physical impairment, and loss of future earning capacity.

74.    Plaintiff has suffered losses and damages in a sum within the minimum jurisdictional limits of this Court for which he sues.

75.    Plaintiff requests both pre-judgment and post-judgment interest on all damages as allowed by law.

## JURY DEMAND

76.     Plaintiff demands a trial by jury on all issues.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff request that the Defendants be required to answer this petition, and on final trial hereafter, that Plaintiff have judgment against Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court, for damages, treble damages, court costs and attorney's fees, together with all pre judgment and post judgment interest as allowed by law, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Loss of earnings;
12. Loss of earning capacity;
13. Pre judgment interest;
14. Post judgment interest; and
15. Exemplary damages.

Respectfully submitted: November 19, 2025.

THOMAS J. HENRY INJURY ATTORNEYS

By: _____

Travis E. Venable
Federal Bar No. 1531849
5711 University Heights Blvd., Suite 101
San Antonio, Texas 78249
Telephone: (210) 656-1000
Facsimile: (888) 956-8001
Email: tvenable-svc@tjhlaw.com

**ATTORNEYS FOR PLAINTIFFS**