UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAVEN FURY, Individually and as Next Friend of W.F., a Minor,<br><br>                       Plaintiff,<br><br>        -against-<br><br>BYHEART, INC. and WALMART, INC.,<br><br>                  Defendants. | 26-cv-3125 (AS)<br><br>OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff Raven Fury alleges that her infant son was hospitalized and diagnosed with infant botulism after being regularly fed baby formula manufactured by ByHeart and sold by Walmart. Dkt. 1 ¶¶ 1–2. Both ByHeart and Walmart have moved to dismiss the claims against them. Dkts. 13, 22. Those motions are GRANTED with leave for plaintiff to replead within 21 days any claims that she wishes to continue to assert.

Fury says that Walmart is liable as a nonmanufacturing seller under the Texas Products Liability Act (TPLA) because the company made an incorrect express factual representation about an aspect of ByHeart's baby formula. Dkt. 1 ¶¶ 68–70 (citing Tex. Civ. Prac. & Rem. Code § 82.003(a)(5)). But Fury's actual complaint points to no express factual representation whatsoever. And to be clear, Walmart cannot be liable as a nonmanufacturing seller under the TPLA just because it placed ByHeart's baby formula on its shelves. Indeed, in response to Walmart's motion to dismiss, Fury essentially concedes that the actual complaint doesn't meet the requirements of the exception to the Texas statute pointed to by Walmart, and so if she wants to continue to assert that claim, she needs to amend her complaint.

The same applies to Fury's remaining claims against ByHeart under express-warranty and deceptive-trade-practices theories. Dkt. 1 ¶¶ 43–58. (Fury has abandoned her other claims.) In any amended complaint, Fury will have to identify specific statements that are false or misleading and engage with the statements themselves, rather than just characterizations of those statements. Of course, she must also plausibly allege the other required elements of her claims.

The Clerk of Court is respectfully directed to terminate Dkts. 13 and 22.

SO ORDERED.

Dated: July 13, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge